# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **VIRGINIA CAIRL**<br>506 ½ NORTH LOCUST STREET<br>OAK HARBOR, OH 43449<br><br>         Plaintiff,<br><br>And<br><br>**OHIO DEPARTMENT OF MEDICAID**<br>c/o ATTORNEY GENERAL DAVID YOST<br>30 EAST BROAD STREET<br>COLUMBUS, OHIO 43215<br><br>         Involuntary Plaintiff,<br><br>vs.<br><br>**POLMAX, LLC**<br>**DBA, EXPERIOR TRANSPORT**<br>c/o LYNX MANAGEMENT, INC.<br>12161 SOUTH CENTRAL AVENUE<br>ALSIP, IL 60803<br><br>And<br><br>**KEYSTONE LEASING, LLC**<br>c/o LYNX MANAGEMENT, INC.<br>12161 SOUTH CENTRAL AVENUE<br>ALSIP, IL 60803<br><br>And<br><br>**LESZEK WIELEBA**<br>702 LEONARD STREET<br>APARTMENT 1<br>BROOKLYN, NY 11222<br><br>And | CASE NO:<br><br>JUDGE<br><br><br><br><br><br>**COMPLAINT**<br><br>JURY DEMAND ENDORSED HEREON |

**GG TRANS EXPRESS**
c/o LESZEK WIELEBA
159 SAWYER AVE
DEPEW, NY 14043

And

**JOHN DOE #1** (Operator of the 2019 Cascadia Freightliner with VIN number 3AKJHHDR1KSKS5854, and attached trailer with a VIN number 5V8VA5323GM608155 and Illinois license plate number 570032ST, on November 4, 2019, whose actual name and/or identity was mistaken and/or unknown, could not be discovered by the Plaintiff despite the exercise of reasonable diligence, and may be revealed through the exercise of discovery)
702 LEONARD STREET
APARTMENT 1
BROOKLYN, NY 11222

And

**JOHN DOE #2** (Employer of Defendants, Leszek Wieleba and/or John Doe #1, on November 4, 2019, whose actual name and/or identity was mistaken and/or unknown, could not be discovered by the Plaintiff despite the exercise of reasonable diligence, and may be revealed through the exercise of discovery)
c/o LYNX MANAGEMENT, INC.
12161 SOUTH CENTRAL AVENUE
ALSIP, IL 60803

And

**JOHN DOE #3** (Owner of the 2019 Cascadia Freightliner with VIN number 3AKJHHDR1KSKS5854, on November 4, 2019, whose actual name and/or identity was mistaken and/or unknown, could not be discovered by the Plaintiff despite the exercise of reasonable diligence, and may be revealed through the exercise of discovery)

c/o LYNX MANAGEMENT, INC.
12161 SOUTH CENTRAL AVENUE
ALSIP, IL 60803

And

**JOHN DOE #4** (Owner of the trailer with a VIN number 5V8VA5323GM608155 and Illinois license plate number 570032ST, attached to the 2019 Cascadia Freightliner with VIN number 3AKJHHDR1KSKS5854, on November 4, 2019, whose actual name and/or identity was mistaken and/or unknown, could not be discovered by the Plaintiff despite the exercise of reasonable diligence, and may be revealed through the exercise of discovery)
c/o LYNX MANAGEMENT, INC.
12161 SOUTH CENTRAL AVENUE
ALSIP, IL 60803

And

**JOHN DOE #5** (Individual and/or entity responsible for the maintenance, repair, inspection, and/or servicing of the 2019 Cascadia Freightliner with VIN number 3AKJHHDR1KSKS5854 and the trailer with a VIN number 5V8VA5323GM608155 and Illinois license plate number 570032ST, on November 4, 2019, whose actual name and/or identity was mistaken and/or unknown, could not be discovered by the Plaintiff despite the exercise of reasonable diligence, and may be revealed through the exercise of discovery)
c/o LYNX MANAGEMENT, INC.
12161 SOUTH CENTRAL AVENUE
ALSIP, IL 60803

      Defendants.

Now comes Plaintiff, Virginia Cairl, by and through undersigned counsel, and for her Complaint against the Defendants she states as follows:

**PRELIMINARY STATEMENT**

This case arises out of a violent collision of a commercial semi-tractor-trailer with a 2007 Chevy Cobalt at the intersection of State Route 163 and State Route 590 in Harris Township, Ottawa County, Ohio, on November 4, 2019. On that day, the Defendant, Leszek Wieleba (*hereinafter* "Wieleba") and/or John Doe #1, a commercial truck driver, was an agent of, employed by, or otherwise working for the benefit of Defendant, Polmax, LLC, doing business as Experior Transport (*hereinafter* "Experior"), GG Trans Express (*hereinafter* "GG Trans"), and/or by John Doe #2. Based on information and belief of the Plaintiff, Defendant Wieleba and/or John Doe #1 does or has done business as or through Defendant, GG Trans.

At the time of the subject collision, Defendant Wieleba and/or John Doe #1 was operating a 2019 Cascadia Freightliner semi-tractor and attached trailer, which were owned by the Defendants, Experior and/or Keystone Leasing, LLC, (*hereinafter* "Keystone"), John Doe #3, and/or John Doe #4, and was traveling southbound on State Route 590 approaching the intersection of State Route 590 and State Route 163. The Plaintiff, Virginia Cairl (*hereinafter* "Cairl"), was a passenger in a 2007 Chevy Cobalt that was traveling eastbound on State Route 163, approaching the intersection of State Route 163 and State Route 590. The intersection of State Route 163 and State Route 590 in Harris Township is not a four-way stop. Operators traveling on State Route 590 over the intersection of State Route 163 have a stop sign; however, operators traveling on State Route 163 over the intersection of State Route 590 do *not* have a stop sign. On November 4, 2019, Defendant Wieleba and/or John Doe #1 was traveling southbound on State Route 590, approached the stop sign, but failed to stop and yield to the vehicle occupied by Cairl, in violation of Ohio Revised Code § 4511.43(A), resulting in the subject collision.

As a direct and proximate result of the negligence and negligence *per se* of Defendant Wieleba and/or John Doe #1, the negligent entrustment of Defendants Experior, Keystone, John Doe #3, and/or John Doe #4, and the negligent hiring, training, supervision and/or retention of Defendant, Wieleba, GG Trans, and/or John Doe #1, by Defendant Experior, GG Trans, and/or John Doe #2,  Plaintiff Cairl sustained significant and permanent injuries, endured and continues to endure pain and suffering, and has incurred and will continue to incur medical bills and damages along with other economic and non-economic damages.

## **PARTIES, JURISDICTION, AND VENUE**

1. The Plaintiff, Virginia Cairl (*hereinafter* "Cairl"), currently resides at 506 ½ North Locust Street, in Oak Harbor, Ottawa County, Ohio 43449.

2. The Involuntary Plaintiff, Ohio Department of Medicaid, is state agency of Ohio which provides health care coverage to Ohioans and is properly served upon the Ohio Attorney General, David Yost, at 30 East Broad Street, Columbus, Ohio 43215.

3. Defendant, Polmax, LLC, doing business as Experior Transport (*hereinafter* "Experior"), is registered with the Federal Motor Carrier Safety Administration with USDOT Number 758399, and is a business entity organized and existing under the laws of Illinois, with its principal office located at 12161 South Central Avenue, Suit A, Alsip, Illinois 60803, and whose registered agent is Lynx Management, Inc., with a registered address of 12161 South Central Avenue, Alsip, Illinois 60803, and who conducts business in the State of Ohio.

4. Defendant, Keystone Leasing, LLC, (*hereinafter* "Keystone"), is a business entity organized and existing under the laws of Illinois, with its principal office located at 12161 South Central Avenue, Suit A, Alsip, Illinois 60803, and whose registered agent is Lynx Management, Inc., with a registered address of 12161 South Central Avenue, Alsip, Illinois 60803, and who conducts business in the State of Ohio.

5. Upon information and belief, at all relevant times herein, the Defendant, Leszek Wieleba (*hereinafter* "Wieleba"), resided at 702 Leonard Street, Apartment 1, Brooklyn, New York 11222, and also receives mail at P.O. Box 603, Cheektowaga, New York 14225, and conducted business in the State of Ohio by operating a commercial motor vehicle individually and/or in the course and scope of his employment with Defendants Experior and/or John Doe #2.

6. Upon information and belief, Defendant Wieleba, does and/or has done business through or as Defendant, GG Trans Express (*hereinafter* "GG Trans"), with a principal office located at 159 Sawyer Avenue, Depew, New York 14043.

7. Defendants, John Doe #1 (Operator of the 2019 Cascadia Freightliner with VIN number 3AKJHHDR1KSKS5854, and attached trailer with a VIN number 5V8VA5323GM608155 and Illinois license plate number 570032ST, on November 4, 2019, whose actual name and/or identity was mistaken and/or unknown, could not be discovered by the Plaintiff despite the exercise of reasonable diligence, and may be revealed through the exercise of discovery), John Doe #2 (Employer of Defendant, Leszek Wieleba and/or John Doe #1, on November 4, 2019, whose actual name and/or identity was mistaken and/or unknown, could not be discovered by the Plaintiff despite the exercise of reasonable diligence, and may be revealed through the exercise of discovery), John Doe #3 (Owner of the 2019 Cascadia Freightliner with VIN number 3AKJHHDR1KSKS5854, on November 4, 2019, whose actual name and/or identity was mistaken and/or unknown, could not be discovered by the Plaintiff despite the exercise of reasonable diligence, and may be revealed through the exercise of discovery), John Doe #4 (Owner of the trailer with a VIN number 5V8VA5323GM608155 and Illinois license plate number 570032ST, attached to the 2019 Cascadia Freightliner with VIN number 3AKJHHDR1KSKS5854, on November 4, 2019, whose actual name and/or identity was

mistaken and/or unknown, could not be discovered by the Plaintiff despite the exercise of reasonable diligence, and may be revealed through the exercise of discovery), and John Doe #5 (Individual and/or entity responsible for the maintenance, repair, inspection, and/or servicing of the 2019 Cascadia Freightliner with VIN number 3AKJHHDR1KSKS5854 and the trailer with a VIN number 5V8VA5323GM608155 and Illinois license plate number 570032ST, on November 4, 2019, whose actual name and/or identity was mistaken and/or unknown, could not be discovered by the Plaintiff despite the exercise of reasonable diligence, and may be revealed through the exercise of discovery) would have had this Action brought against them in their true name bur for Plaintiff's inability to discover their true identities, despite the exercise of reasonable diligence. These Defendants will not be prejudiced by the filing of this Action because of their actual and constructive knowledge of the facts that give rise to this Action.

8. At the time of the subject collision, Defendant Wieleba and/or John Doe #1 was the operator of the 2019 Cascadia Freightliner semi-tractor and attached trailer and was engaged in the course and scope of his employment and/or agency with Defendant Experior, GG Trans, and/or John Doe #2, and was acting as an agent on behalf of, at the direction and control of, and/or for the benefit of those Defendants.

9. At all relevant times herein, based upon information and belief, Defendant, Experior, GG Trans, and/or John Doe #2 was/were the employer(s) and/or principal(s) of Defendant Wieleba and/or John Doe #1 and were responsible for the hiring, training, supervision, and retention of Defendant Wieleba and/or John Doe #1 as an employee, agent, and/or contractor.

10. Defendants, Wieleba, GG Trans, Experior, Keystone, John Doe #1, John Doe #3, John Doe #4, and/or John Doe #5, at all times relevant herein, were responsible for the

maintenance, repair, inspection, and servicing of the 2019 Cascadia Freightliner semi-tractor and attached trailer that was operated by Defendant Wieleba and/or John Doe #1 at the time of the subject collision.

11. Defendants, Experior, Keystone, John Doe #3, and/or John Doe #4, at all times relevant herein, were the owners of the 2019 Cascadia Freightliner semi-tractor and attached trailer that was operated by Defendant Wieleba and/or John Doe #1 at the time of the subject collision.

12. This Court has subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1332(a)(1), as there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to this Action occurred in Harris Township, Ottawa County, Ohio, which is within this Court's judicial district.

## STATEMENT OF FACTS

14. Plaintiff Cairl incorporates all above paragraphs and allegations as though fully rewritten herein.

15. On or about November 4, 2019, Defendant Wieleba and/or John Doe #1 was operating a commercial semi-tractor-trailer and traveling southbound on State Route 590 in Ottawa County, Ohio, approaching the intersection of State Route 590 and State Route 163.

16. The commercial semi-tractor-trailer operated by Defendant Wieleba and/or John Doe #1 on November 4, 2019, was a 2019 Cascadia Freightliner with a Vehicle Identification Number of 3AKJHHDR1KSKS5854 and the trailer had VIN number 5V8VA5323GM608155 and Illinois license plate number 570032ST (*hereinafter* "commercial semi-tractor-trailer").

17. On or about November 4, 2019, the commercial semi-tractor-trailer was owned by Defendants, Experior, Keystone, John Doe #3, and/or John Doe #4.

18. On or about November 4, 2019, Defendant Wieleba and/or John Doe #1 was an employee, agent, and/or contractor of Defendant, Experior, GG Trans, and/or John Doe #2.

19. On or about November 4, 2019, at the time of the subject collision, Defendant Wieleba and/or John Doe #1 was operating the commercial semi-tractor-trailer within the course and scope of his employment and/or agency with Defendant, Experior, GG Trans, and/or John Doe #2, and was acting as an employee and/or agent on behalf of, at the direction and control of, and/or for the benefit of those Defendants.

20. On or about November 4, 2019, Plaintiff Cairl was a passenger in a 2007 Chevy Cobalt (*hereinafter* "Cobalt") operated by Brock Diebert and traveling eastbound on State Route 163 in Harris Township, Ottawa County, Ohio.

21. At the intersection of State Route 590 and State Route 163 in Harris Township, Ottawa County, Ohio, operators of motor vehicles traveling on State Route 590 have clearly marked stop signs posted before the intersection of State Route 590 with State Route 163.

22. At the intersection of State Route 590 and State Route 163 in Harris Township, Ottawa County, Ohio, operators of motor vehicles traveling on State Route 163 do not have stop signs posted at the intersection of State Route 163 with State Route 590.

23. On or about November 4, 2019, while operating the commercial semi-tractor-trailer and traveling southbound on State Route 590 and entering the intersection of State Route 590 and State Route 163, Defendant Wieleba and/or John Doe #1 failed to stop and yield to traffic traveling along the intersecting roadway—State Route 163—including the Cobalt which was occupied by Plaintiff Cairl.

24. Brock Diebert, the operator of the Cobalt in which Plaintiff Cairl was a passenger, took appropriate evasive action to try avoiding a collision; however, he was not able to avoid the collision between the commercial semi-tractor-trailer and the Cobalt.

25. As a result of Defendant Wieleba and/or John Doe #1's failure to stop and yield to the Cobalt, a violent collision occurred between the Cobalt and the commercial semi-tractor-trailer within the intersection of State Route 590 and State Route 163 in Harris Township, Ottawa County, Ohio, on or about November 4, 2019 (*hereinafter* "subject collision").

26. As a result of the subject collision, Plaintiff Cairl suffered permanent, severe, and disabling injuries to her body and mind which caused and will continue to cause physical, mental, and emotional pain and suffering into the future and on a permanent basis.

27. As a result of the subject collision, said injuries suffered by Plaintiff Cairl have required and will continue to require Plaintiff Cairl to undergo medical treatment, and said medical treatment has caused Plaintiff to incur medical expenses and will cause Plaintiff Cairl to incur future medical expenses.

28. As a result of the subject collision, Plaintiff Cairl has lost the ability to perform everyday tasks and her enjoyment of life has been negatively impacted, and this will continue into the future and on permanent basis.

29. As a result of the subject collision, Plaintiff Cairl has incurred and will continue to incur economic and non-economic damages.

**FIRST CAUSE OF ACTION**
**(Negligence as to Defendant Wieleba and/or John Doe #1)**

30. Plaintiff Cairl incorporates all above paragraphs and allegations as though fully rewritten herein.

31. On or about November 4, 2019, while traveling southbound on State Route 590, in Harris Township, Ottawa County, Ohio, Defendant Wieleba and/or John Doe #1, while acting within the course and scope of his agency and/or employment with Defendant Experior, GG Trans, and/or John Doe #2, negligently operated the commercial semi-tractor-trailer resulting in the subject collision with the motor vehicle in which Plaintiff Cairl was a passenger.

32. At the time of the subject collision, on or about November 4, 2019, Defendant Wieleba and/or John Doe #1 owed a duty of care to the public, to other drivers and motorists, to passengers of other drivers and motorists, and to Plaintiff Cairl, to obey State laws and regulations regarding the safe and lawful operation of the commercial semi-tractor-trailer, at all relevant times herein.

33. Defendant Wieleba and/or John Doe #1 breached the duty of care and other duties owed to Plaintiff Cairl in that he negligently and unlawfully:

   a. Failed to operate the commercial semi-tractor-trailer in a safe and careful manner;

   b. Failed to maintain reasonable control of the commercial semi-tractor-trailer;

   c. Failed to stop the commercial semi-tractor-trailer at a clearly marked stop sign;

   d. Failed to yield the right-of-way to the vehicle approaching on the intersecting roadway, in which Plaintiff Cairl was a passenger;

   e. Failed to maintain a safe speed and an assured clear distance ahead of the commercial semi-tractor-trailer that he was operating; and/or

   f. Otherwise failed to operate the commercial semi-tractor-trailer in a safe and lawful manner.

34. As a direct and proximate result of Defendant Wieleba and/or John Doe #1's negligent and careless actions:

    a. Plaintiff Cairl suffered permanent, severe, and disabling injuries to her body and mind which caused and will continue to cause physical, mental, and emotional pain and suffering into the future and on a permanent basis;

    b. Said injuries suffered by Plaintiff Cairl have required and will continue to require Plaintiff Cairl to undergo medical treatment, and said medical treatment has caused Plaintiff to incur medical expenses and will cause Plaintiff Cairl to incur future medical expenses;

    c. Plaintiff Cairl has lost the ability to perform everyday tasks and her enjoyment of life has been negatively impacted, and this will continue into the future and on permanent basis; and

    d. Plaintiff Cairl has incurred and will continue to incur economic and non-economic damages.

**SECOND CAUSE OF ACTION**
**(Negligence *Per Se* as to Defendant Wieleba and/or John Doe #1)**

35. Plaintiff Cairl incorporates all above paragraphs and allegations as though fully rewritten herein.

36. On or about November 4, 2019, at the time of the subject collision, Defendant Wieleba and/or John Doe #1 approached a clearly marked stop sign while operating the commercial semi-tractor-trailer and failed to stop and/or yield the right-of-way to the vehicle in which Plaintiff Cairl was a passenger, when that vehicle was approaching on the intersecting roadway and was so close as to constitute an immediate hazard.

37. Defendant Wieleba and/or John Doe #1 failed to comply with Ohio Revised Code § 4511.43(A) which requires any person who is operating a motor vehicle and approaching a stop sign to stop and yield the right-of-way to any vehicle approaching on the intersecting roadway so closely as to constitute an immediate hazard during the time the driver is moving across or within the intersection or junction of roadways.

38. Defendant Wieleba and/or John Doe #1's failure to comply with Ohio Revised Code § 4511.43(A) constitutes negligence *per se*.

39. As a proximate result of the Defendant's negligence *per se*, the Plaintiff suffered and will continue to suffer injuries and damages as stated in the First Cause of Action and Paragraphs 26, 27, 28, and 29, herein.

### THIRD CAUSE OF ACTION
**(Vicarious Liability Pursuant to *Respondeat Superior* & Negligent Hiring, Retention, and Supervision as to Defendants, Experior, GG Trans, and/or John Doe #2)**

40. Plaintiff Cairl incorporates all above paragraphs and allegations as though fully rewritten herein.

41. At all relevant times herein, the Defendant, Wieleba, GG Trans, and/or John Doe #1, was working within the course and scope of his employment and/or agency with Defendant, Experior, GG Trans, and/or John Doe #2, rendering Defendant, Experior, GG Trans, and/or John Doe #2, liable for the actions of Defendant, Wieleba, GG Trans, and/or John Doe #1, under the theory of *respondeat superior*.

42. At all relevant times herein, Defendant, Experior, GG Trans, and/or John Doe #2 was negligent in the selection, hiring, training, supervision and/or retention of Defendant, Wieleba, GG Trans, and/or John Doe #1, and was otherwise negligent.

43. As a result of the Defendants' negligence, the Plaintiff suffered and will continue to suffer injuries and damages as stated in the First Cause of Action and Paragraphs 26, 27, 28, and 29, herein.

## FORTH CAUSE OF ACTION
### (Negligent Entrustment of Defendants, Experior, Keystone, John Doe #3, and/or John Doe #4)

44. Plaintiff Cairl incorporates all above paragraphs and allegations as though fully rewritten herein.

45. At all relevant times herein, the Defendants, Experior, Keystone, John Doe #3, and/or John Doe #4, owned and/or maintained control over the motor vehicle operated by Defendant Wieleba and/or John Doe #1.

46. At all relevant times herein, the Defendants, Experior, Keystone, John Doe #3, and/or John Doe #4, had a duty to exercise reasonable care in entrusting its vehicles—including the commercial semi-tractor-trailer involved in the subject collision—to responsible, competent, and qualified drivers.

47. At all relevant times herein, Defendants, Experior, Keystone, John Doe #3, and/or John Doe #4, entrusted the care, custody, and control of its motor vehicle to Defendant Wieleba and/or John Doe #1 when it knew or should have known that Defendant Wieleba and/or John Doe #1 would negligently and/or recklessly operate said vehicle.

48. As a result of the Defendants' negligence, the Plaintiff suffered and will continue to suffer injuries and damages as stated in the First Cause of Action and Paragraphs 26, 27, 28, and 29, herein.

## FIFTH CAUSE OF ACTION
**(Negligent Maintenance of Defendants, Wieleba, GG Trans, Experior, Keystone, John Doe #1, John Doe #3, John Doe #4, and/or John Doe #5)**

49. Plaintiff Cairl incorporates all above paragraphs and allegations as though fully rewritten herein.

50. At all relevant times herein, Defendants, Wieleba, GG Trans, Experior, Keystone, John Doe #1, John Doe #3, John Doe #4, and/or John Doe #5, had a duty to exercise reasonable care in maintaining, inspecting, repairing, and/or servicing their vehicles, tractors, and trailers—including the commercial semi-tractor-trailer involved in the subject collision—which their agents, employees, and/or bailees operated on public roadways.

51. At all relevant times herein, Defendants, Wieleba, GG Trans, Experior, Keystone, John Doe #1, John Doe #3, John Doe #4, and/or John Doe #5, had a duty to provide their agents, employees, and/or bailees with vehicles, tractors, and trailers that were mechanically safe for use on public roadways.

52. At all relevant times herein, Defendants, Wieleba, GG Trans, Experior, Keystone, John Doe #1, John Doe #3, John Doe #4, and/or John Doe #5, were negligent in maintaining, inspecting, repairing, and/or servicing the commercial semi-tractor-trailer that was operated by Defendant Wieleba and/or John Doe #1 and which was involved in the subject collision, on or about November 4, 2019.

53. As a result of the Defendants' negligence, the Plaintiff suffered and will continue to suffer injuries and damages as stated in the First Cause of Action and Paragraphs 26, 27, 28, and 29, herein.

## SIXTH CAUSE OF ACTION
**(Subrogation Interest as to Involuntary Plaintiff, Ohio Department of Medicaid)**

54. Plaintiff Cairl incorporates all above paragraphs and allegations as though fully rewritten herein.

55. All or a portion of Plaintiff Cairl's medical bills which were incurred as a direct and proximate result of the subject collision, on or about November 4, 2019, were paid by the Ohio Department of Medicaid.

56. The Ohio Department of Medicaid may claim a right of subrogation and/or reimbursement for medical bills it has paid against any recovery from a third party, pursuant to Ohio Revised Code §§ 5160.37 and 5160.38.

57. Given that the Ohio Department of Medicaid may claim a right of subrogation against Plaintiff's claims, it is a necessary party to this litigation and is thus joined as an Involuntary Plaintiff.

## JURY DEMAND

The Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Virginia Cairl demands judgment against all Defendants as follows:

A.  Compensatory damages in excess of $75,000.00 for personal injuries, past and future pain and suffering, past and future loss of enjoyment of life, past and future medical care, other non-economic and economic damages that have been suffered and will be suffered in the future as a result of the subject collision, and any other relief to which the Plaintiff may show herself entitled; and

B.  Attorney's fees, costs, interest, and any other relief which this Court deems appropriate.

Respectfully submitted,

**KISLING, NESTICO & REDICK, LLC**

*/s/ Thomas J. Walsh II*
_____
Thomas J. Walsh II (0095872)
3412 W. Market Street
Akron, OH 44333
Phone: 330-869-9007/ Fax: 330-869-9008
Email:  twalsh@knrlegal.com
*Attorney for Plaintiff*